
FILED

17 AUG -9 PM 2:03

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ JDT DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LINLOR,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE & CO.; CHASE BANKCARD SERVICES, INC.; and CHASE BANK USA, NATIONAL ASSOCIATION,<br><br>Defendants. | Case No.: 17-cv-00005-BEN-KSC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>**[ECF No. 23]** |

Plaintiff James Linlor, proceeding pro se, has filed an Amended Complaint ("AC") alleging a violation of the Fair Credit Reporting Act ("FCRA"). (ECF No. 22). Presently before the Court is the motion to dismiss Plaintiff's Amended Complaint filed by Defendant Chase Bank USA, N.A. ("Chase"), specially appearing Defendant Chase BankCard Services, Inc. ("CBSI"), and specially appearing Defendant JPMorgan Chase & Co. ("JPMC"). (ECF No. 23). Plaintiff has opposed the motion (ECF No. 25), and Defendants replied (ECF No. 26).

For the following reasons, the Court **GRANTS** Defendants' motion to dismiss for lack of personal jurisdiction as to Defendant JPMC, but in all other respects, **DENIES** the motion.

# BACKGROUND[1]

Plaintiff had a credit card issued by Defendants that was co-branded with a major airline. (AC Intro. ¶ 2, Background ¶ 1). In February 2016, Defendants notified Plaintiff by phone of likely fraud on his card, and Plaintiff confirmed notice of the potential fraud in writing to Defendants within 10 days of Defendants' first call. (*Id.*) Plaintiff asked Defendants to investigate the fraud. (AC Memo. ¶ 3 & Ex. A). Defendants agreed to remove the charges and issue Plaintiff a new card. (AC Background ¶ 2 & Ex. D). Accordingly, Defendants cancelled Plaintiff's credit card and issued him a new card, but they also transferred the fraudulent charges to the new card. (AC Background ¶ 2, Memo. ¶ 5). Plaintiff never received nor accepted the new card. (AC Memo. ¶ 5 & Ex. D). Upon becoming aware that Plaintiff had not received or accepted the new card, Defendants "attempted to intimidate" Plaintiff into accepting the fraudulent charges, but he refused. (AC Claims ¶ 3a). Subsequently, Defendants reported an unpaid debt of $2,223 to consumer reporting agencies ("CRAs"). (AC Memo. ¶ 3, Background ¶ 2, Claims ¶ 3a, Ex. D).

In August 2016, Plaintiff contacted three CRAs to inform them about Defendants' misreporting and request that they investigate and work with Defendants to correct and remove the false reporting. (AC Memo. ¶ 7 & Ex. D). Nevertheless, Defendants continued to report erroneous information to CRAs, leading Plaintiff to file the instant lawsuit. (AC Intro. ¶ 4, Memo. ¶ 8). Defendants' actions have damaged Plaintiff's credit score, increased his interest rates, threatened his employment, and prevented him from using his airlines rewards points for flights. (AC Intro. ¶ 4, Background ¶ 2).

///
///

---

[1] The Court is not making any findings of fact, but rather, summarizing the relevant allegations of the Amended Complaint for purposes of evaluating Defendants' motion to dismiss.

# DISCUSSION

## I. Motion to Dismiss CBSI and JPMC for Lack of Personal Jurisdiction

Specially appearing Defendants CBSI and JPMC move to dismiss the complaint for lack of personal jurisdiction. Such a motion is properly taken as a Rule 12(b)(2) motion under the Federal Rules of Civil Procedure. On a Rule 12(b)(2) motion, the plaintiff bears the burden of establishing personal jurisdiction. *Wash. Shoe Co. v. A-Z Sporting Goods, Inc.*, 704 F.3d 668, 671-72 (9th Cir. 2012). Where, as here, the motion is based on written materials and affidavits rather than an evidentiary hearing, a plaintiff is only required to make a "prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1066 (9th Cir. 2014) (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004)). A "prima facie" showing means that the plaintiff need only demonstrate facts that, if true, would support jurisdiction over the defendant. *Lindora, LLC v. Isagenix Int'l, LLC*, 198 F. Supp. 3d 1127, 1135 (S.D. Cal. 2016). In determining whether a plaintiff has met his burden, "uncontroverted allegations in [the] complaint must be taken as true, and 'conflicts between the facts contained in the parties' affidavits must be resolved in [the plaintiff's] favor for purposes of deciding whether a prima facie case for personal jurisdiction exists.'" *Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588-89 (9th Cir. 1996) (quoting *WNS, Inc. v. Farrow*, 884 F.2d 200, 203 (5th Cir. 1989) (internal citations omitted)).

"Where, as here, no federal statute authorizes personal jurisdiction, the district court applies the law of the state in which the court sits." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (internal citations omitted). California's long-arm statute permits its courts to exercise personal jurisdiction "on any basis not inconsistent with the Constitution of this state or of the United States." *Daimler AG v. Bauman*, 134 S. Ct. 746, 753 (2014) (quoting Cal. Civ. Proc. Code § 410.10). Thus, "California's long-arm statute allows the exercise of personal jurisdiction to the full extent permissible under the U.S. Constitution," and the Court must ensure that its

assertion of personal jurisdiction over a party comports with the limits imposed by federal due process. *Id.* (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 464 (1985)). The traditional bases of personal jurisdiction that comport with due process are service while physically present in the forum, domicile, or consent. None of the traditional bases of jurisdiction are at issue here. Absent the traditional bases, a defendant must have such "minimum contacts" with the forum state that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Personal jurisdiction can be either "general" or "specific." *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415–16 (1984). Defendants argue that Plaintiff has not met his burden to show that this Court has either general or specific jurisdiction over Defendants JPMC and CBSI. The Court agrees as to JPMC but disagrees as to CBSI.

**A. General Jurisdiction**

General jurisdiction allows a defendant to be brought into court for its activities anywhere in the world, untethered from its specific contacts with the forum. *Martinez*, 764 F.3d at 1066. "General jurisdiction over a corporation is appropriate only when the corporation's contacts with the forum state 'are so constant and pervasive as to render it essentially at home' in the state." *Id.* (quoting *Daimler*, 134 S. Ct. at 751). The paradigmatic locations where general jurisdiction is appropriate over a corporation are its place of incorporation and its principal place of business. *Daimler*, 134 S. Ct. at 760. "Only in an 'exceptional case' will general jurisdiction be available anywhere else." *Martinez*, 764 F.3d at 2070 (quoting *Daimler*, 134 S. Ct. at 761 n.19).

In this case, JPMC and CBSI are neither incorporated in California, nor is their principal place of business in California. Furthermore, there are no allegations about Defendants' contacts with the State to justify treating this as an "exceptional case." Accordingly, Plaintiff has failed to carry his burden of establishing general jurisdiction.
///

**B. Specific Jurisdiction**

Specific jurisdiction exists "when a case 'aris[es] out of or relate[s] to the defendant's contacts with the forum.'" *Martinez*, 764 F.3d at 1066 (quoting *Helicopteros*, 466 U.S. at 414 n.8); *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., San Francisco Cnty.*, 137 S. Ct. 1773, 1780 (2017) ("In order for a state court to exercise specific jurisdiction, 'the *suit*' must 'aris[e] out of or relat[e] to the defendant's contacts with the *forum*.'" (emphasis in original)); *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) ("For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State.").

The Ninth Circuit uses a three-part test to determine whether a defendant's contacts with the forum state are sufficient to subject it to specific jurisdiction:

(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof, or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
(2) The claim must be one which arises out of or relates to the defendant's forum-related activities; and
(3) The exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable.

*Picot v. Weston*, 780 F.3d 1206, 1212 (9th Cir. 2015). The Supreme Court has emphasized that "it is the defendant, not the plaintiff or third parties, who must create contacts with the forum State" itself, not with persons who reside there. *Walden*, 134 S. Ct. at 1123-26. The plaintiff has the burden of proving the first two prongs and, if met, the burden shifts to the defendant to "set forth a compelling case" as to the third. *Picot*, 780 F.3d at 1212.

Here, Plaintiff argues that this Court has jurisdiction over JPMC because it is "the umbrella managing company" that provides IT services to the co-Defendants. Specifically, JPMC allegedly owns and manages the website Chase.com and the email address @chase.com, which its co-Defendants use. Plaintiff emailed with a

1 | CBSI representative to dispute the allegedly erroneous reporting. In response,
2 | Defendant JPMC argues that it is merely a holding company and that Plaintiff has
3 | failed to allege any specific conduct by it.

"The existence of a relationship between a parent company and its subsidiaries is not sufficient to establish personal jurisdiction over the parent on the basis of the subsidiaries' minimum contacts with the forum." *Doe v. Unocal Corp.*, 248 F.3d 915, 925 (9th Cir. 2001). Plaintiff has only alleged that JPMC provided technology services that its subsidiaries used. He has not stated how JPMC itself created contacts with California. Accordingly, Plaintiff has failed to establish a prima facie case for specific personal jurisdiction over Defendant JPMC. *See Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 144, 419 (9th Cir. 1997) (hosting a passive website is insufficient to establish purposeful availment or purposeful direction towards forum state).

However, Plaintiff has satisfied his burden with respect to specific personal jurisdiction over Defendant CBSI. In his opposition to Defendants' motion, Plaintiff states that the phone number printed on the back of his Chase credit card was for CBSI. When he called that number to dispute the charges, a CBSI representative answered the phone. It is unclear if CBSI ever called Plaintiff directly. However, it is appears that CBSI emailed Plaintiff. Plaintiff provides an email dated March 15, 2016, in which Andre Cook from "Card Services Executive Office" writes to Plaintiff that he has "completed [his] review and would like to discuss [his] findings with" Plaintiff. (Pl.'s Opp'n Ex. A). Mr. Cook further states, "If I am unable to speak to you within the next 24 hours, I will follow up in a letter. You can reach me at 1-888-622-7547 extension 654-8022." (*Id.*)

Mr. Cook also emailed Plaintiff on April 14, 2016, asking Plaintiff to call him. (*Id.*) In response, Plaintiff wrote back several times. In the first response on April 14, Plaintiff writes, "I called and provided all the information requested to your colleagues today. I was promised a callback by you—you did not call today. .

. . Any new card must not be linked to existing fraudulent charges, for which I have been held not liable, and followed California and federal law to maintain as such. I will not pay for charges that Chase itself has identified as fraudulent." (*Id.*) Plaintiff wrote back two more times, on April 15 and April 20, complaining that he still had not heard from Mr. Cook. (*Id.*)

Thus, Plaintiff contends that the Court has personal jurisdiction over CBSI because it handled "the calls for credit card servicing, while sending out emails from the @chase.com email address." Defendants do not dispute these communications and fail to address their import in the reply brief.[2] Based on Plaintiff's uncontroverted statements, the Court finds that Plaintiff has established a prima facie case for asserting personal jurisdiction over CBSI. By listing its phone number on Chase credit cards and consequently engaging in communications with Plaintiff, a California resident, about the card dispute, CBSI has purposefully directed its activities to the forum state. CBSI's contact with the forum state was not "random" or "fortuitous." *Burger King Corp.*, 471 U.S. at 475 ("Th[e] 'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts."). Rather, CBSI has held itself out as the Chase entity that card holders should contact for card servicing inquiries. CBSI voluntarily associated itself with this forum for the purpose of conducting business, availing itself of the benefits and protections of this State's laws. *See id.* at 476 ("Thus where the defendant 'deliberately' has engaged in significant activities within a State, or has created 'continuing obligations' between himself and residents of the forum, he manifestly

---

[2] Defendants contend that CBSI is not a "furnisher of information" under the FCRA and thus is not the proper party to this lawsuit. But such an argument is one for failure to state a claim, not lack of personal jurisdiction.

has availed himself of the privilege of conducting business there, and because his activities are shielded by 'the benefits and protections' of the forum's laws it is presumptively not unreasonable to require him to submit to the burdens of litigation in that forum as well. . . . So long as a commercial actor's efforts are 'purposefully directed' toward residents of another State, we have consistently rejected the notion that an absence of physical contacts can defeat personal jurisdiction there."); *Int'l Shoe Co.*, 326 U.S. at 319 ("[T]o the extent that a corporation exercises the privilege of conducting activities within a state, it enjoys the benefits and protections of that state. The exercise of that privilege may give rise to obligations; and, so far as those obligations arise out of or are connected with the activities within the state, a procedure which requires the corporation to respond to a suit brought to enforce them can, in most instances, hardly be said to be undue.").

Further, Plaintiff's claim relates to CBSI's forum-related conduct. Plaintiff and CBSI corresponded regarding allegedly fraudulent charges on Plaintiff's card. Plaintiff claims that CBSI did not correct those charges, as the parties agreed, which led to him contacting CRAs. Plaintiff's FCRA claim seeks to hold Defendants liable for failing to re-investigate the disputed information as statutorily required upon notice to the CRAs. Had CBSI resolved Plaintiff's reports of fraudulent charges upon his first contact with its representatives, he would not have contacted the CRAs and the instant lawsuit would not have been filed.

Accordingly, Plaintiff has satisfied his burden as to the first two prongs. CBSI has not set forth any arguments why the exercise of personal jurisdiction would not be fair or reasonable. Nevertheless, the Court will consider whether the assertion of personal jurisdiction would comport with "fair play and substantial justice." *Int'l Shoe Co.*, 326 U.S. at 320. Courts evaluate the burden on the defendant, the forum state's interest in adjudicating the dispute, the plaintiff's

8

interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the states in furthering fundamental substantive social policies. *Burger King Corp.*, 471 U.S. at 477.

California has a strong interest in ensuring that its residents' credit disputes are serviced properly. Erroneous credit information reported to CRAs may affect the card holder's ability to qualify for loans and employment status, among other things. Plaintiff has a strong interest in obtaining relief in this forum, where he resides and where the effects of Defendants' alleged misconduct are most likely to be felt. In contrast, CBSI has not made any case that litigating in this forum would be inconvenient and burdensome. And, finally, the judicial system's interest in efficient resolutions of controversies, and the states' shared interest in fundamental social policies, neither support nor undercut the exercise of jurisdiction here. The Court therefore concludes that exercising personal jurisdiction over CBSI would be reasonable.

As explained above, the Court denies Defendants' motion to dismiss for lack of personal jurisdiction as to Defendant CBSI, but grants it as to Defendant JPMC.

## II. Motion to Dismiss for Violation of Rule 8

Defendants move to dismiss Plaintiff's amended complaint for being "vague and conclusory as to be unintelligible." (Mot. at 6). Specifically, Defendants argue that the amended complaint fails to meaningfully distinguish among Defendants Chase, CBSI, and JPMC. Plaintiff's complaint generally refers to "Defendants" collectively.

Federal Rule of Civil Procedure 8 provides that a "pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d). However, a "pro se complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers' and can only be dismissed for failure to state a claim if it appears 'beyond doubt

that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal citations omitted).

While Plaintiff's amended complaint is not of the sort that a lawyer would typically compose, it sets forth a basic statement of his claim: He has a Chase credit card. He was the victim of fraudulent charges on his credit card in February 2016. He spoke to Defendants about the alleged fraud but they did not take corrective action. Defendants reported the fraudulent charges as unpaid debts to CRAs. Plaintiff contacted the CRAs to investigate the false report. The CRAs contacted Defendants. Defendants continued to report the allegedly false information.

Furthermore, the Court is not persuaded that it should dismiss the amended complaint for not distinguishing among the acts of each individual Defendant. Plaintiff seeks to hold the "furnisher of information" liable for failure to reinvestigate information that it reported to CRAs which Plaintiff disputes. His complaint alleges that Defendants are "furnishers" under the FCRA. (AC Standing ¶ 2). The FCRA does not define "furnishers," but a plain reading of the statute indicates that the term "furnisher" refers to a person who provides information about a consumer to a CRA. *See* 15 U.S.C. § 1681s-2.

In Plaintiff's opposition, he explains that he does not know yet which Chase entity acted as the furnisher. His credit report only lists "Chase," and the CRAs will not identify which Chase entity reported information to them. Defendants argue that Chase Bank, N.A. is the furnisher, but provide no evidentiary foundation for the Court to conclude that CBSI—the other remaining Defendant and the one that communicated with Plaintiff about his dispute—did not act as a furnisher. Plaintiff contends that Defendants "should remain as being held to account, until or unless such time as they will provide proof beyond their unsupported assertions as to which Chase entity . . . reported false

/ / /

/ / /

/ / /

information to the CRAs." (Opp'n at 6). This Court agrees as to Chase and CBSI, the Defendants over which this Court has personal jurisdiction.[3]

The Court finds that Plaintiff has satisfied his obligations under Rule 8 and thus denies Defendants' motion to dismiss on this ground.

### III. Motion to Dismiss for Failure to State a Claim

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) must be granted where the pleadings fail to state a claim upon which relief can be granted. When considering a Rule 12(b)(6) motion, the court must "accept as true facts alleged and draw inferences from them in the light most favorable to the plaintiff." *Stacy v. Rederite Otto Danielsen*, 609 F.3d 1033, 1035 (9th Cir. 2010). A plaintiff must not merely allege conceivably unlawful conduct but must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

The FCRA subjects furnishers to two distinct duties. First, under 15 U.S.C. § 1681s-2(a), furnishers have a duty to provide accurate information to a CRA. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153-54 (9th Cir. 2009). It is well-settled however, that there is no private right of action for violations of section 1681s-2(a). *See* 15 U.S.C. § 1681s-2(c) (stating that section 1681o, which confers a private right of action for the willful or negligent noncompliance with the FCRA, does "not apply to any violation of . . . subsection (a) of . . . section [1681s-2]"); *see also Gorman*, 584 F.3d at 1154 ("Duties imposed on furnishers under [15 U.S.C. § 1681s-2(a)] are enforceable only

---

[3] The Court notes that Chase has not challenged this Court's personal jurisdiction; therefore, the Court assumes that it has personal jurisdiction over Chase.

11

17-cv-00005-BEN-KSC

by federal or state agencies."). Second, under 15 U.S.C. § 1681s-2(b), furnishers have a duty to undertake an investigation upon receipt of a notice of dispute from a CRA. *Gorman*, 584 F.3d at 1154. However, the duty to investigate is triggered "only after the furnisher receives notice of dispute from a CRA." *Id.*

Defendants argue that Plaintiff's section 1681s-2(b) claim should be dismissed for three reasons. Each argument fails.

First, they argue that Plaintiff does not allege that a CRA transmitted notice of a dispute to Defendants, the furnishers. However, Plaintiff does include such an allegation. He pleads that "Defendants (after by standard processes receiving notice and requests from CRAs), still did not correct reporting to CRAs." (AC Background ¶ 3).

Second, Defendants argue that Plaintiff has not alleged that Chase failed to reasonably reinvestigate a dispute provided by the CRAs. Section 1681s-2(b) provides that, after receiving a notice of dispute, the furnisher shall:

> (A) Conduct an investigation with respect to the disputed information;
> (B) Review all relevant information provided by the [CRA] . . . ;
> (C) Report the result of the investigation to the [CRA];
> (D) If the investigation finds that the information is incomplete or inaccurate, report those results to all other [CRAs] to which the person furnished the information . . . ; and
> (E) If an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a [CRA] only, . . . (i) modify that item of information; (ii) delete that item of information; or (iii) permanently block the reporting of that information.

15 U.S.C. § 1681s-2(b)(1).

The Court again disagrees with Defendants Although many of Plaintiff's allegations are phrased in terms of Defendants failing to *correct* the alleged misreporting,[4] he also alleges that the reports required by section 1681s-2(b) contained

---

[4] In *Baldin v. Wells Fargo Bank, N.A.*, No. 3:12-CV-00648-AC, 2013 WL 6388499, at *7-8 (D. Or. Dec. 6, 2013), the U.S. District Court for the District of Oregon

12

false, misleading, and defamatory information. (AC Memo. ¶ 2a). A reasonable inference from Plaintiff's allegations is that Defendants did not reasonably investigate the dispute. *Grismore v. Capital One F.S.B.*, No. CV 05-2460 PHXSMM, 2007 WL 841513, at *4 (D. Ariz. Mar. 16, 2007) ("Plaintiff alleges that COS has reported and verified inaccurate information to the credit reporting agencies, from which it can . . . be inferred that COS did not follow proper investigatory procedures after it received notice from a credit reporting agency.").

Third, and finally, Defendants argue that the amended complaint fails to adequately plead the inaccuracy at the heart of the dispute. "To state a claim under the FCRA, [a plaintiff is] required, at a minimum, to allege factual content showing an inaccuracy in his credit report." *Bankes v. ACS Educ.*, 638 F. App'x 587, 590 (9th Cir. 2016) (citing *Gorman*, 584 F.3d at 1154, 1162). While Plaintiff's amended complaint is not a model of clarity, he alleges that "Defendants eventually calculated and reported against Plaintiff's credit a value of $2,223 as a charge-off (bad credit debt against Plaintiff) on Plaintiff's credit card . . . despite the amount being in dispute with Plaintiff." (AC Memo. ¶ 3). This is sufficient to survive a motion to dismiss.

///

///

///

---

distinguished between allegations of failure to correct misinformation and allegations of failure to conduct the investigation in accordance with the duties prescribed by section 1681s-2(b)(1). There, the court found that the plaintiff's allegations demonstrated that the furnisher had addressed the dispute and that plaintiff's challenge was to the manner in which the furnisher processed and applied her loan payments. The court held that the "provisions of [the] FCRA do not require [the furnisher] to ignore its policies and procedures related to the processing and application of loan payments by modifying or deleting information provided to the CRAs simply because the consumer disagrees." *Id.* at *8. "Nothing in § 1681s-2(b) . . . requires [the furnisher] to correct information simply because the consumer believes it is erroneous." *Id.*

## CONCLUSION

The Court **GRANTS** Defendants' motion to dismiss specially appearing Defendant JPMC for lack of personal jurisdiction. JPMC is dismissed from this case. In all other respects, the Court **DENIES** Defendants' motion.

**IT IS SO ORDERED.**

Dated: August 9, 2017

Hon. Roger T. Benitez
United States District Judge