FILED
MAY 09 2018
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY             DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LINLOR,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>CHASE BANKCARD SERVICES, INC. and CHASE BANK USA, NATIONAL ASSOCIATION,<br><br>　　　　　　　Defendants. | Case No.: 17cv5-WQH(KSC)<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR AN ORDER COMPELLING DEFENDANTS TO PRODUCE DOCUMENTS AND RESPOND TO WRITTEN DISCOVERY [Doc. No. 39.]** |

Before the Court is a document filed by plaintiff entitled "Joint Motion for Determination of Discovery Dispute." [Doc. No. 39.] In this "Joint Motion," plaintiff complains that defendants have not provided adequate responses to his discovery requests. He seeks an order from the Court compelling defendants to produce documents and provide all relevant information in response to unidentified discovery requests. [Doc. No. 39, at pp. 4-6.] Despite its title, plaintiff's Motion is not "Joint," because defendants did not contribute to the "Joint Motion." [Doc. No. 40, at pp. 1-7.] Instead, defendants filed an Opposition to the "Joint Motion." [Doc. No. 40.] Plaintiff then filed a Reply. [Doc. No. 48.] For the reasons outlined more fully below, the Court finds that plaintiff's

1

request for an order compelling defendants to produce documents and provide all relevant information in response to unidentified discovery requests must be DENIED.

### *Background*

Plaintiff is proceeding in this action *pro se*. In the First Amended Complaint, plaintiff generally alleges that he was the victim of credit card fraud and reported the fraud to defendants, but defendants failed to remove the fraudulent charges or conduct a reasonable investigation and then reported false and misleading information to credit reporting agencies in violation of the Fair Credit Reporting Act. [Doc. No. 22, at pp. 2-3, 9 *et seq.*]

Defendants represented in their Opposition, that plaintiff served them with written discovery requests on November 20, 2017, and they provided plaintiff with timely responses on December 26, 2017. [Doc. No. 40, at p. 2.] Defendants also represented that in response to plaintiff's document requests they produced various non-confidential documents and advised plaintiff they would produce additional confidential documents subject to an appropriate protective order, but plaintiff has refused to stipulate to the entry of a protective order. [Doc. No. 40, at p. 2.]

### *Discussion*

**A.** *Timeliness.*

The Scheduling Order filed in this case states that: "All discovery motions must be filed within 45 days of the service of an objection, answer, or response which become the subject of dispute . . . ." [Doc. No. 37, at p. 2. *See also* Chambers' Rule V(A).] Defendants have represented that they responded to plaintiff's discovery requests on December 26, 2017. [Doc. No. 40, at p. 2.] Plaintiff did not file his "Joint Motion" until March 20, 2018, long after the 45-day deadline had expired. Accordingly, the Court finds that plaintiff's request for an order compelling defendants to provide further response to discovery requests must be DENIED as untimely.

///

///

**B.     *Joint Motion Process.***

In preparing his moving papers, it is apparent that plaintiff reviewed Chambers' Rules V pertaining to discovery disputes. This is apparent, because plaintiff quoted from Chambers' Rule V in his "Joint Motion." [Doc. No. 39, at p. 2.] However, it is also apparent that plaintiff either did not understand Chambers' Rule V or decided not to comply with it. Defendants represented in their Opposition that plaintiff provided them with a draft copy of his Joint Motion before he filed it, and defendants explained that it "lacked merit" and included "procedural defects," but plaintiff filed the "Joint Motion" without addressing defendants' concerns. [Doc. No. 40, at p. 4.]

The purpose of the "Joint Motion" process, as outlined in Chambers' Rule V, is to have opposing parties use a specific format to present their respective arguments about a discovery dispute in a single document. Chambers' Rule V states in part as follows:

For each written discovery request in dispute, the Joint Motion must include:

1.    The exact wording of the discovery request;

2.    The exact response to the request by the responding party;

3.    A statement by the propounding party and any points and authorities as to why a further response should be compelled; and,

4.    A precise statement by the responding party and any points and authorities as to the bases for all objections and/or claims of privilege.

Chambers' Rule V(D).

In his moving papers, plaintiff did not identify any specific discovery request that is in dispute between the parties. Nor did he provide the exact wording of any specific discovery request that is in dispute between the parties. Plaintiff also did not provide defendants' response to any specific discovery request or any of the parties' arguments addressing why defendants' response to any specific discovery request was adequate or inadequate. If plaintiff followed Chambers' Rule V, the Court would expect to see something similar to the following sample ***as to each discovery request in dispute***:

3

**Plaintiff's Document Request No. 1**: Produce any and all documents showing you conducted a reasonable investigation of plaintiff's allegations to you that he was a victim of credit card fraud.

**Defendant's Response to Plaintiff's Document Request No. 1**: Defendants object to this request as overly broad and ambiguous. Defendant also objects to this request in that it seeks documents protected by the attorney-client privilege or the work product doctrine.

**Plaintiff's Statement as to Why a Further Response Should Be Compelled**: Defendants' response to Document Request No. 1 is not adequate. First, defendants have not explained why they believe the request is overly broad and ambiguous. Second, it is unclear whether defendants are withholding any documents from production based on the attorney-client privilege or the work product doctrine. Federal Rule 26(b)(5) provides that a party withholding documents based on the attorney-client privilege or work product doctrine "expressly make the claim" and provide a description of any documents "not produced or disclosed." Fed.R.Civ.P. 26(b)(5). Any such documents must be described "in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed.R.Civ.P. 26(b)(5)(A)(i)&(ii).

**Defendants' Statement as to the Bases for All Objections and/or Claims of Privilege**. Plaintiff's Document Request No. 1 is overly broad and ambiguous, because it is not limited as to time and would require defendants to conduct an unlimited search for responsive documents. Defendants are unable to produce responsive documents unless plaintiff provides the dates he allegedly advised defendants of unauthorized charges to his credit card account. Defendants are withholding documents based on the attorney-client privilege and the work product doctrine that were prepared by counsel after plaintiff filed his original Complaint in this action.

Because plaintiff did not identify any specific discovery requests and did not follow the format required by Chambers' Rule V, defendants and the Court have been left to guess which of plaintiff's discovery requests, if any, are actually in dispute and for what reasons. In short, plaintiff has not presented an actual discovery dispute for the Court to resolve.

/ / /

Chambers' Rule V(D) also states that: "A party seeking to bring a discovery dispute before the Court must provide the opposing part a reasonable opportunity to contribute to the joint motion. . . . This Court considers a ***minimum*** of 5 business days prior to the anticipated filing date of the joint motion to be a reasonable time period for a party to participate meaningfully in the preparation of a joint motion. This means that the party initiating a joint motion to resolve a discovery dispute must provide opposing counsel with a complete draft of the joint motion and any exhibits or supporting declarations ***at least*** 5 business days prior to the anticipated filing date." Chambers Rule V(D).

Plaintiff has represented that he provided defendants with his proposed "Joint Motion" on March 8, 2018 "in compliance with" Chambers' Rule V(D). As noted above, plaintiff did not file his "Joint Motion" until March 20, 2018, so defendants did have time to review those papers before they were filed. However, in this Court's view, defendants were not provided with "a reasonable opportunity to contribute to the joint motion," because plaintiff's draft was not only untimely under the Scheduling Order in this case but was not in the format required by Chambers' Rule V(D). Although it appears that defendants attempted to warn plaintiff of these "procedural defects," plaintiff apparently elected to ignore those warnings. For these reasons, the Court finds that plaintiff's request for an order compelling defendant to provide further responses to his unidentified discovery requests must be DENIED for failure to comply with Chambers Rule V(D).

C. ***Meet and Confer Requirements.***

Chambers' Rule V(B) states as follows: "Counsel must meet and confer on all issues before contacting the Court. If counsel are located in the same district, the meet and confer must be in person. If counsel are located in different districts, then telephone or video conference may be used for meet and confer discussions. In no event will meet and confer letters, facsimiles or emails satisfy this requirement." Chambers' Rule V(B). Civil Local Rule 26.1(a) also states that: "The court will entertain no motion pursuant to [the discovery rules] unless counsel will have previously met and conferred concerning

[the discovery rules] unless counsel will have previously met and conferred concerning all disputed issues. . . ." CivLR 26.1(a). In addition, Federal Rule 37(a)(1) requires any party filing a motion seeking an order compelling discovery to first meet and confer "in good faith. . . ." Fed.R.Civ.P. 37(a)(1).

Plaintiff has stated that he is a resident of Nevada and has "***attempted*** to meet and confer via fax and phone" in compliance with Chambers Rule V(B) and Local Rule 26.1(a). [Doc. No. 39, at p. 1 (emphasis added).] Defense counsel submitted a Declaration in support of defendants' Opposition which states that: "On March 8, 2018, without any advance notice or attempt to meet and confer, plaintiff sent me a draft joint motion . . . via facsimile. On behalf of defendants, I responded by letter the next day. . . . On March 12, 2018, I received another fax from plaintiff regarding the threatened motion . . . I again responded the next day, March 13, 2018, reiterating why the Motion lacked merit and providing my availability to meet and confer by telephone, which plaintiff had still not attempted to do. . . . On March 15, 2018, I called plaintiff and left a voicemail confirming availability to meet and confer that day. When plaintiff called back, he stated he was recording the call, to which I did not agree. I indicated to plaintiff that while I remained willing to speak about the various issues raised by plaintiff, I would not agree to speak on a recorded line. . . . Plaintiff refused to speak on an unrecorded line regarding the motion and plaintiff unilaterally filed the motion . . . ." [Doc. No. 40-1, at pp. 2-3.]

Based on the foregoing, it is this Court's view that plaintiff did not meet and confer "in good faith" before filing his "Joint Motion." Fed.R.Civ.P. 37(a)(1). The meet and confer requirements contemplate "an informal conference" in which the parties "present to each other the merits of their respective positions with the same specificity with which they would brief the discovery dispute." *Wilson v. Aargon Agency, Inc.*, 262 F.R.D. 561, 564 (D. Nev. 2010). To satisfy the meet and confer requirements, the moving party must "personally engage in two-way communication with the non-responding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid

judicial intervention. The consultation obligation promotes a frank exchange between [the parties] to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought. To meet this obligation, parties must treat the informal negotiation process as a substitute for, and not simply a formalistic prerequisite to, judicial resolution of discovery disputes." *Cung Le v. Zuffa, LLC*, 321 F.R.D. 636, 647 (D. Nev. 2017) (internal citations and quotations omitted).

Here, the facts and circumstances as presented in the parties' respective moving and opposing papers indicate that plaintiff did not satisfy the meet and confer requirements, as he did not have a "frank exchange" with defense counsel by telephone about each of the issues in dispute before he filed his papers. *Id.* In addition, it is this Court's view that a party cannot satisfy the requirement to meet and confer in good faith by refusing to discuss the matters in dispute unless the call is recorded. The Court expects counsel and parties without counsel to be able to meet and confer in a meaningful, productive, respectful manner without the need for a recording. Insisting that an informal conference be recorded does not promote the type of conversation necessary to satisfy the meet and confer requirements. When one party insists on recording an informal meet and confer session, it naturally creates a hostile, combative environment that is not conducive to genuine dialogue. In other words, plaintiff is on notice that recording a meet and confer session is unacceptable and will not be tolerated. Accordingly, the Court finds that, in addition to the reasons cited above, plaintiff's request for an order compelling defendants to provide further responses to discovery requests must be DENIED for failure to satisfy the meet and confer requirements.

### D. *Defendants' Request for Sanctions.*

Citing Federal Rule 37(a)(5)(B), defendants seek monetary sanctions against plaintiff in the amount of $2,134 to cover the cost of drafting and filing the Opposition to plaintiff's "Joint Motion." [Doc. No. 40, at p. 7.] Defendants argue that monetary sanctions are appropriate under the circumstances, because plaintiff was not "substantially justified" in filing his "Joint Motion," as defendants advised him of the

procedural defects in his papers before they were filed. However, the Court finds that "other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(a)(5)(B). On the other hand, monetary sanctions will be imposed against plaintiff if he continues to disregard the Federal Rules, Chambers' Rules, and Local Rules in future filings with this Court.

### *Conclusion*

Based on the foregoing, IT IS HEREBY ORDERED that plaintiff's request for an order compelling defendants to produce documents and provide all relevant information in response to unidentified discovery requests must be DENIED because it is untimely and because plaintiff failed to follow established rules and procedures in presenting his request. Defendants' request for monetary sanctions against plaintiff is also DENIED. [Doc. No. 39.]

IT IS SO ORDERED.

Dated: May 9, 2018

Hon. Karen S. Crawford
United States Magistrate Judge