FILED

MAY 09 2018

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LINLOR,<br><br>                Plaintiff,<br>v.<br><br>CHASE BANKCARD SERVICES, INC. and CHASE BANK USA, NATIONAL ASSOCIATION,<br><br>                Defendants. | Case No.: 17cv5-WQH(KSC)<br><br>**ORDER RE JOINT MOTION FOR ENTRY OF A PROTECTIVE ORDER.**<br><br>**[Doc. No. 42.]** |

      Before the Court is a Joint Motion for Entry of a Protective Order. [Doc. No. 42.] In this Joint Motion, defendants request that the Court enter a standard protective order similar to the Model Protective Order made available to the public on the Court's website. The purpose of the proposed protective order is to facilitate the exchange of confidential documents and information between the parties. Plaintiff, who is proceeding in this action *pro se*, has refused to stipulate to the entry of defendants' proposed protective order. [Doc. No. 42, at pp. 2-3.] In Exhibit A to the Joint Motion, plaintiff presented a number of objections to the proposed protective order. [Doc. No. 42-1, at pp. 2-13.] For the reasons outlined more fully below, the Court finds that plaintiff's

1

objections to the entry of a protective order to facilitate the exchange of confidential documents and information between the parties must be overruled, and defendants' request for the entry of a protective order must be GRANTED. The Court will enter defendants' proposed protective order with minor addition as explained below.

## *Background*

In the First Amended Complaint, plaintiff generally alleges that he was the victim of credit card fraud and reported the fraud to defendants, but defendants failed to remove the fraudulent charges or conduct a reasonable investigation and then reported false and misleading information to credit reporting agencies in violation of the Fair Credit Reporting Act. [Doc. No. 22, at pp. 2-3, 9 *et seq.*]

On December 26, 2017, in written responses to plaintiff's discovery requests, defendants agreed to produce certain documents and information that it considers confidential subject to the protections of a protective order.[1] [Doc. No. 42, at p. 2.] Since that time, defendants have attempted through the meet and confer process to enter into a stipulated protective order with plaintiff. However, plaintiff has indicated he is unwilling to stipulate to the entry of a protective order. [Doc. No. 42, at pp. 2-3.] In the Joint Motion, defendants have represented that as soon as an appropriate protective order is entered, they are "ready to produce additional materials" as agreed in response to plaintiff's discovery requests. [Doc. No. 42, at p. 4.]

## *Discussion*

Under Federal Rule of Civil Procedure 26(c)(1), "[a] party or any person from whom discovery is sought may move for a protective order . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

---

[1] Defendants have represented that they "have already produced non-confidential materials to plaintiff, including account statements and call recordings." [Doc. No. 42, at p. 4.]

(A) forbidding the disclosure or discovery; (B) specifying terms . . . for the disclosure or discovery; (C) prescribing a discovery method other than the one selected by the party seeking discovery; (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters; (E) designating the persons who may be present while the discovery is conducted; . . . (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way. . . ." Fed.R.Civ.P. (c)(1). "Among the goals furthered by protective orders is reducing conflict over discovery and facilitating the flow of information through discovery." 8A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2044.1 (3d ed.).

Although it is somewhat unclear based on the opposing papers he submitted, it appears that plaintiff objects to defendants' request for the entry of a protective order to govern the exchange of confidential documents and information for several reasons. First, plaintiff seems to believe that defendants have "demanded" to have "all evidence" in the case fall under the terms of the proposed protective order. [Doc. No. 42-1, at p. 5.] Plaintiff is mistaken. The protective order is intended to protect from public disclosure only documents and information defendants consider "confidential." [Doc. No. 42, at p. 2.] In order to designate documents or information as "confidential," the proposed protective order requires defendants to have a "good faith belief" that "unrestricted disclosure of such information could be potentially prejudicial to [its] business or operations." [Defs.' Proposed Protective Order, at p. 2.] Therefore, the Court overrules this objection to the entry of a confidentiality protective order.

Second, plaintiff seems to believe that, if entered, the proposed protective order would require that all prior and future court filings be sealed. He also believes that entry of the proposed protective order would unnecessarily bar public access to this case and could even require a "sequestered" jury. [Doc. No. 42-1, at p. 5.] Plaintiff is mistaken. Entry of the proposed protective would only require that a party seeking to file a document with the Court that is designated by either party as "confidential" to request

3

that the Court file that "confidential" document under seal. [Defs.' Proposed Protective Order, at pp. 3-4, ¶ 10.] Only documents or information designated as "confidential" would be unavailable for public view when filed with the Court. All other filings in the Court's record would be accessible to the public. The proposed protective order also includes a number of safeguards. For example, the proposed protective order states that: "At any stage of these proceedings, any party may object to a designation of the materials as Confidential Information." [Defs.' Proposed Protective Order, at p. 4, ¶ 12.]

The public does not have a strong or compelling interest in access to "documents produced between private litigants" or in documents submitted to the Court. *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). On the other hand, there is controlling case law that acts to protect any interest the public might have accessing litigation documents. For example, a higher showing of "compelling reasons" is required to the extent parties seek to maintain the confidentiality of documents or information throughout an entire judicial proceeding, including the time of trial. *See, e.g., Kamakana v. Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (stating that "records attached to dispositive motions [are treated] differently from records attached to non-dispositive motions. Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy...."). Therefore, the Court overrules plaintiff's objection that entry of a confidentiality protective order would unfairly or inappropriately restrict public access to the case.

Third, plaintiff seems to believe that the proposed protective order would allow defendants to maintain the confidentiality of the name of any "legal entity" allegedly responsible for any unlawful conduct alleged in the First Amended Complaint. [Doc. No. 42-1, at p. 6.] Plaintiff is mistaken. To the extent plaintiff has requested this type of information from defendants in an appropriate discovery request, defendants would not have a good faith basis to use the protective order to maintain the confidentiality of the name of any corporate entity who may have knowledge of or responsibility for any

4

wrongful conduct alleged in the First Amended Complaint. Therefore, the Court overrules this objection to the entry of a confidentiality protective order.

Fourth, plaintiff complains that discovery in the case has been delayed by the parties' dispute over the terms of the protective order and defendants' refusal to produce confidential documents and information until a protective order is entered. As a result, plaintiff argues that the Court should extend the discovery deadline for 30 days. However, under the current Scheduling Order, the parties have more than two months remaining, until July 20, 2018, to complete discovery. Based on the record before the Court at this time, there is nothing to indicate the parties cannot, without reasonable diligence, meet the current deadline. The parties can, of course, jointly request an extension of this deadline at some point in the future if there is good cause to do so.

Based on the foregoing, there is simply no reason the Court should not enter a protective order to facilitate the exchange of confidential documents and information between the parties. Although defendants' proposed protective order adequately protects the confidentiality interests of the parties, the Court has a minor concern about paragraph 5(b) pertaining to depositions. Paragraph 5(b) currently reads as follows:

> 5. Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information of any party:
>
> * * * *
>
> b. the disclosing party will have the right to exclude from attendance at the deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), and the court reporter.

[Defs.' Proposed Protective Order, at p. 2.]

As noted above, plaintiff is proceeding in this case as an unrepresented party, and it appears that paragraph 5(b) could be interpreted to allow for plaintiff's exclusion from a deposition while Confidential Information is disclosed. Federal Rule of Civil Procedure 26(c)(1)(E) does permit the Court to enter a protective "designating the persons who may be present while the discovery is conducted. . . ." Fed.R.Civ.P. 26(c)(1)(E). However,

5

since "a party's right to attend a deposition has a constitutional dimension and is therefore entitled to special protection," a party may only be excluded from a deposition under "extraordinary circumstances." *Hines v. Wilkinson*, 163 F.R.D. 262, 266 (1995), citing *Galella v. Onassis*, 487 F.2d 986, 997 (2d Cir. 1973) (stating that the exclusion of a party from a deposition should "rarely" be ordered). As a result, "a particular and individualized showing of good cause" is required to exclude a party from a deposition under Rule 26(c)(1)(E). *Id.* Based on the record currently before the Court, there does not appear to be any reason that would justify plaintiff's exclusion from a deposition while Confidential Information is disclosed. Therefore, before the Court enters defendants' proposed protective, the Court will make a minor addition to this paragraph to ensure that plaintiff would not be excluded from a deposition while Confidential Information is disclosed.

### *Conclusion*

Based on the foregoing, IT IS HEREBY ORDERED that defendants' request for the entry of a Confidentiality Protective Order is GRANTED. [Doc. No. 42.] With the minor addition mentioned above, defendants' proposed protective order will be entered concurrently with this Order. Within five (5) days of the entry of the confidentiality protective order, defendants shall disclose to plaintiff any documents or information responsive to plaintiff's discovery requests that have been withheld as a result of defendants' confidentiality concerns.

IT IS SO ORDERED.

Dated: May 9, 2018

Hon. Karen S. Crawford
United States Magistrate Judge