FILED

JUL 23 2018

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LINLOR,<br><br>    Plaintiff,<br><br>v.<br><br>CHASE BANKCARD SERVICES, INC.;<br>CHASE BANK USA, NA,<br><br>    Defendants. | Case No.: 17cv5-WQH(KSC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO "RE-FILE" HIS DISCOVERY REQUESTS**<br><br>[Doc. No. 46] |

Before the Court is plaintiff's "Joint Motion for Determination of Discovery Dispute." [Doc. No. 46.] Despite the title, this filing by plaintiff is not "Joint," because defendants did not contribute to the "Joint Motion" as required by Chambers' Rule V. This filing is similar to a prior "Joint Motion" filed by plaintiff that was also not "Joint" [Doc. No. 39]. On May 9, 2018, the Court issued an Order denying plaintiff's prior "Joint Motion" [Doc. No. 39] as untimely and for failure to comply with Chambers' Rule V and/or to meet and confer as required by Chambers' Rule V(B), Civil Local Rule 26.1(a), and Federal Rule of Civil Procedure 37(a)(1.) [Doc. No. 67, at pp. 1-8.]

Plaintiff's new "Joint Motion" [Doc. No. 46] is largely repetitive of his prior "Joint Motion" [Doc. No. 39]. Plaintiff's new "Joint Motion" [Doc. No. 46] suffers from the

1

same procedural defects as the prior "Joint Motion" [Doc. No. 39]. Therefore, for the same reasons set forth in the Court's May 9, 2018 Order [Doc. No. 67, at pp. 1-8], the Court finds that plaintiff's new "Joint Motion" must be DENIED as untimely and for failure to comply with Chambers' Rule V, Civil Local Rule 26.1(a), and Federal Rule of Civil Procedure 37(a)(1). In addition, for the reasons outlined more fully below, the Court finds that plaintiff's new "Joint Motion" must be DENIED on the merits.

## *Background*

Plaintiff is proceeding in this action *pro se*.[1] In the First Amended Complaint, plaintiff generally alleges that he was the victim of credit card fraud and reported the fraud to defendants, but defendants failed to remove the fraudulent charges or conduct a reasonable investigation and then reported false and misleading information to credit reporting agencies in violation of the Fair Credit Reporting Act. [Doc. No. 22, at pp. 2-3, 9 *et seq.*]

## *Discussion*

In his new "Joint Motion," plaintiff has requested that the Court grant him leave "to *re-file* his discovery requests." [Doc. 46, at p. 2 (emphasis added).] The Court notes that written discovery requests (*i.e.*, interrogatories, requests for production of documents, and requests for admissions) "need not be filed [with the Court] unless and until they are used in the proceedings" (*i.e.*, as a trial exhibit or as an exhibit attached to a declaration submitted in support of a motion). CivLR 33.1(c), 36.1(c). The reason plaintiff wants to "re-file" his discovery requests is that he claims defendants have refused to "provide any substantive discovery." [Doc. No. 46, at p. 2.] He is seeking leave, because it his understanding that "re-filing" his discovery requests will cause him

---

[1] District Courts are obligated to afford a certain amount of leeway to *pro se* litigants and to construe their pleadings liberally. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

2

17cv5-WQH(KSC)

to exceed the amount of discovery requests allowed under the Federal Rules of Civil Procedure. [Doc. No. 46, at p. 2.] In this regard, the Court notes that Federal Rule of Civil Procedure 33(a) provides in part as follows: "[A] party may serve on any other party no more than 25 written interrogatories . . . . Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2)." Fed.R.Civ.P. 33(a)(1).

As the Court understands it, plaintiff's request "to re-file his discovery requests" is essentially a request to re-start discovery. Although it is somewhat unclear from the papers submitted, it appears that plaintiff wants to re-serve defendants with his written discovery requests, because he is not satisfied with the responses he has already received from defendants. Without more, plaintiff appears to be seeking an end run around the 45-day rule in the operative Scheduling Order. [Doc. No. 37, at pp. 1-2.] As the Court and defendants have already advised plaintiff, it is too late for him to request the Court's assistance in compelling defendants to provide him with further responses to his written discovery requests. [Doc. No. 67, at p. 2; Doc. No. 46, at p. 46.] The Scheduling Order in this case states that: "All discovery motions must be filed within 45 days of the service of an objection, answer, or response which become the subject of dispute. . . ." [Doc. No. 37, at p. *See also* Chamber' Rule V(A).] Defendants responded to plaintiff's discovery requests on December 26, 2017 [Doc. No. 67, at p. 2], and plaintiff did not file his previous "Joint Motion" until March 20, 2018 [Doc. No. 39] and did not file the instant "Joint Motion" until April 5, 2018 [Doc. No. 46], long after the expiration of the 45-day deadline. If the Court were to permit plaintiff to "re-serve" defendants with his discovery requests, they would, of course, be required to serve plaintiff with new responses. Plaintiff apparently presumes he would then have another 45 days to file a discovery motion with the Court.

"Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties'

relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed.R. Civ.P. 26(b)(1). However, "the court must limit the frequency or extent of discovery . . . if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative. . . ; [or] (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action. . . ." Fed.R.Civ.P. 26(b)(2)(C).

Granting plaintiff leave to re-serve all or even some of his discovery requests on defendants would be inconsistent with Rule 26(b)(1) or Rule 26(b)(2)(C)(i) and (ii). First, it would be duplicative and overly burdensome for defendants to be required to respond twice to the same discovery requests. Second, the Court has no reason to believe that plaintiff did not have ample time or opportunity to complete discovery, or that plaintiff did not receive all responsive documents and information from defendants that he needs to prosecute his case.

The record indicates that the parties completed their initial disclosures ahead of schedule on September 27, 2017. [Doc. No. 37, at p. 1.] Then, plaintiff served his discovery requests on defendants on November 20, 2017, and defendants served plaintiff with their responses on December 26, 2017. [Doc. No. 67, at p. 2.] The Scheduling Order in this case was not issued until February 27, 2018. [Doc. No. 37.] The Scheduling Order requires the parties to complete all fact discovery on or before July 20, 2018. [Doc. No. 37, at p. 1.] In short, it is apparent that plaintiff has had nine month or so to complete discovery. The case is not complex.

Based on other filings, the Court is aware that defendants initially produced "over 100 pages" of non-confidential documents in response to plaintiff's discovery requests, "including account statements and call recordings." [Doc. No. 40, at pp. 2, 6.] Defendants also advised plaintiff they would produce additional confidential documents after a protective order was entered to govern the exchange of confidential documents and information between the parties. However, plaintiff refused to stipulate to the entry

4

of a protective order. [Doc. No. 40, at p. 6.] Later, on May 9, 2018, the Court, over plaintiff's objections, filed defendants' proposed Protective Order. [Doc. Nos. 68, 69.] In a more recent filing, defendants' counsel represented as follows: "Following entry of the Protective Order on May 18, 2018, defendants produced the remaining documents responsive to plaintiff's requests." [Doc. No. 74, at p. 3; Doc. No. 73, at p. 15.] Accordingly, for these reasons, the Court finds that defendants' request for leave to re-serve defendants with his discovery requests must be DENIED.

## *Conclusion*

Based on the foregoing, IT IS HEREBY ORDERED that plaintiff's "Joint Motion" must be DENIED as untimely and for failure to comply with Chambers' Rule V, Civil Local Rule 26.1(a), and Federal Rule of Civil Procedure 37(a)(1). [*See* Doc. No. 67, at pp. 1-8.] Plaintiff's "Joint Motion" is also DENIED on the merits, because it would be duplicative and overly burdensome to require defendants to respond twice to the same discovery requests. In addition, plaintiff has already had ample opportunity to complete discovery in the case, and defendants have produced documents and information in response to plaintiff's discovery requests.

IT IS SO ORDERED.

Dated: July 20, 2018

Hon. Karen S. Crawford
United States Magistrate Judge