UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LINLOR,<br><br>    Plaintiff,<br><br>v.<br><br>CHASE BANKCARD SERVICES, INC.;<br>CHASE BANK USA, NA,<br><br>    Defendants. | Case No.: 17cv5-WQH(KSC)<br><br>**ORDER RE DEFENDANTS' EX PARTE APPLICATION FOR ORDER PRIORITIZING DISCOVERY**<br><br>**[Doc. No. 55]** |

Before the Court is defendants' Ex Parte Application for Order Prioritizing Discovery [Doc. No. 55] and plaintiff's Objection thereto [Doc. No. 57]. In their Ex Parte Application, defendants request that the Court issue an order staying all further discovery in the case as to plaintiff only until and unless plaintiff supplements his responses to certain discovery requests as required by Federal Rule of Civil Procedure 26(e)(1). [Doc. No. 55, at p. 3.] Although plaintiff filed a document entitled "Plaintiff's Objection to Defendants' Ex Parte Motion," he does not specifically address defendants' request to stay discovery against him until he provides supplemental responses to certain discovery requests. [Doc. No. 57, at pp. 1-18.] Instead, plaintiff complains that defendants' Ex Parte Application is "defective and improper." [Doc. No. 57, at p. 4.] He also argues that defendants are

1

withholding discovery they should have produced in response to his discovery requests; have refused to cooperate in discovery or appear for a deposition; and should be sanctioned. [Doc. No. 57, at pp. 1-2, 4-8.]

For the reasons outlined more fully below, the Court finds that defendants' Ex Parte Application must be DENIED for failure to: (1) establish good cause; (2) follow established rules and procedures; and (3) satisfy the meet and confer requirements. However, the Court will forewarn plaintiff about his duty to supplement his discovery responses in a timely manner as required by Federal Rule of Civil Procedure 26(e)(1).

## *Background*

Plaintiff is proceeding in this action *pro se*.[1] In the First Amended Complaint, plaintiff generally alleges that he was the victim of credit card fraud and reported the fraud to defendants, but defendants failed to remove the fraudulent charges or conduct a reasonable investigation and then reported false and misleading information to credit reporting agencies in violation of the Fair Credit Reporting Act. [Doc. No. 22, at pp. 2-3, 9 *et seq.*]

## *Discussion*

### *I. Meet and Confer Requirements.*

"On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed.R.Civ.P. 37(a)(1). Local Rules also require parties to meet and confer "concerning all disputed issues" before filing a discovery motion with the Court. CivLR 26.1(a).

---

[1] District Courts are obligated to afford a certain amount of leeway to *pro se* litigants and to construe their pleadings liberally. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

2

Local Rule 26.1(a) states as follows: "If counsel have offices in the same county, they are to meet in person. If counsel have offices in different counties, they are to confer by telephone. ***Under no circumstances may the parties satisfy the meet and confer requirements by exchanging written correspondence.***" CivLR 26.1(a) (emphasis added). Chambers' Rules for this Court also require the parties to meet and confer "on all issues" before seeking assistance in resolving a discovery dispute. Chambers' Rule V(B).

Here, it is apparent that defendants have not satisfied the meet and confer requirements with respect to the specific dispute raised in their moving papers. [Doc. No. 55, at p. 5; Doc. No. 55-1, at pp. 1-4.] Defendants represent in their moving papers that they met and conferred about other issues, but they did not make any such representation as to the instant dispute about plaintiff's duty to supplement his discovery responses. [Doc. No. 55, at p. 5.] Rather, defendants only represent that they sent a letter to plaintiff via facsimile to let him know they would be filing an Ex Parte Application the next day. [Doc. No. 55, at p. 5.] Accordingly, the Court finds that defendants' Ex Parte Application for Order Prioritizing Discovery must be DENIED for failure to satisfy the meet and confer requirements.

## *II. Defendants' Request for "Prioritizing Discovery."*

Defendants argue that the Court should prioritize discovery by: (1) ordering plaintiff to supplement his responses to certain discovery requests within 15 days; and (2) ordering a stay of any other discovery in the case until plaintiff supplements these discovery responses. [Doc. No. 55, at p. 3.] Essentially, the disputed discovery requests ask plaintiff to identify any charges on his credit card statements that he contends are fraudulent and to disclose any supporting documents. [Doc. No. 55, at p. 2.] Defendants contend the relief they seek is appropriate, because there is "temporal urgency such that immediate and irreparable harm will occur if there is any delay in obtaining relief." [Doc. No. 55, at pp. 5-6.] Defendants do not state what irreparable harm will occur if the Court does not grant their request for relief. [Doc. No. 55, at pp. 6.] Rather, defendants

3

argue there is "temporal urgency," because plaintiff cannot prevail in the case unless and until he identifies any fraudulent charges on his credit card account. [Doc. No. 55, at p. 6.]

"Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed.R. Civ.P. 26(b). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . specifying terms, including time and place . . . for the disclosure or discovery. . . ." Fed.R.Civ.P. 26(c)(1)(A).

On September 28, 2017, defendants served plaintiff with written discovery requests, and plaintiff responded on October 30, 2017. [Doc. No. 55, at p. 4.] In these discovery requests, defendants sought documents and information from plaintiff identifying any charges on his credit card account that he contends are fraudulent. [Doc. No. 55-1, at pp. 1-3.] However, plaintiff's responses to defendants' discovery requests were somewhat evasive and indicated he did not have enough information to identify any purported fraudulent charges. [Doc. No. 55-1, at pp. 1-3.] Thereafter, on March 9, 2018, defendants produced copies of statements detailing all the charges applied to defendant's credit card account. [Doc. No. 55-1, at p. 3.]

On May 15, 2018, defendants filed a Motion for Summary Judgment, arguing that they are entitled to judgment in their favor, because plaintiff has not identified any fraudulent charges on his credit card account, and, as a result, he cannot satisfy his burden of establishing that defendants reported inaccurate, derogatory information to credit reporting agencies. [Doc. No. 70-1, at pp. 5-6.] On May 30, 2018, plaintiff filed an Opposition to defendants' Motion for Summary Judgment, arguing, in part, that the District Court should deny defendants' Motion, because plaintiff has not been given an

4

opportunity to complete discovery. [Doc. No. 78, at p. 4.] On June 13, 2018, plaintiff filed a second Opposition to defendants' Motion for Summary Judgment. [Doc. No. 83.]

In his May 30, 2018 Opposition to defendants' Motion for Summary Judgment, plaintiff argues that the District Court should deny defendants' Motion, because "plaintiff has not been given an opportunity to complete discovery due to defendants' stonewalling and refusals to cooperate. . . ." [Doc. No. 78, at p. 4.] Plaintiff also complains that defendants are required by law to complete an investigation into any "disputed information," but have not produced the results of an investigation even though e-mails from defendants' representative indicate that an investigation was completed. [Doc. No. 78, at pp. 12-13, citing attached e-mails at Doc. No. 78, at pp. 14-15.] In his June 13, 2018 Opposition to defendants' pending Motion for Summary Judgment, plaintiff continues to complain that discovery is not yet complete, that defendants have refused to cooperate in discovery, and that certain discovery produced by defendants on CDs is "locked" and "unreadable." [Doc. No. 83, at pp. 2-3, 8-9 *et seq.*]

Based on the foregoing, it is this Court's view that defendants cannot establish good cause to stay discovery against plaintiff until he supplements his discovery responses. If the Court stays discovery as to plaintiff only, it appears that the District Court could be unreasonably delayed in reaching a resolution on the pending Motion for Summary Judgment. In other words, plaintiff has indicated in opposing defendants' Motion for Summary Judgment that he believes defendants are withholding relevant information that will support his allegation that fraudulent charges were posted to his credit card account. Plaintiff's belief may, of course, be incorrect. However, he is entitled to pursue his theory of the case and present his evidence to the District Court in order to oppose defendants' Motion for Summary Judgment but would be unable to do so if discovery is stayed against him. *See* Fed.R.Civ.P 56(d). Accordingly, the Court finds that defendants' Ex Parte Application for Order Prioritizing Discovery must be DENIED for failure to establish good cause.

///

### III. *Plaintiff's Duty to Supplement His Discovery Responses.*

Defendants' request for an order compelling plaintiff to provide supplemental responses to certain discovery requests is a discovery dispute that should have been raised pursuant to the procedure set forth in Chambers' Rule V. Chambers Rule VI also states that "the Court prefers that all discovery disputes and requests for protective orders or continuances be submitted as joint motions" rather than as *ex parte* applications or motions.

Chambers' Rule V(A) requires the parties to submit discovery disputes in the form of a joint motion. If, as in this case, the dispute involves written discovery requests, Chambers' Rule V(D) also requires the parties to use a specific format to present their respective arguments about a discovery dispute in a single document. Chambers' Rule V(D) further states as follows:

> A party seeking to bring a discovery dispute before the Court must provide the opposing party a reasonable opportunity to contribute to the joint motion. ***An ex parte motion or application to compel is only appropriate under circumstances where the opposing party refuses to participate in contributing to a joint motion after a reasonable opportunity has been provided, or if the motion to compel is directed to a non-party.*** This Court considers a minimum of 5 business days prior to the anticipated filing date of the joint motion to be a reasonable time period for a party to participate meaningfully in the preparation of a joint motion. This means that the party initiating a joint motion to resolve a discovery dispute must provide opposing counsel with a complete draft of the joint motion and any exhibits or supporting declarations at least 5 business days prior to the anticipated filing date. Ex parte motions or applications to compel discovery that do not contain a declaration stating the opposing party has been given a meaningful opportunity to participate in a Joint Motion will be rejected by the Court.

Chambers' Rule V(D) (emphasis in original).

Defendants did not submit their dispute in the form of a joint motion. Nor did defendants submit their dispute in the specific format set forth in Chambers' Rule V(D). It is also apparent based on the papers submitted that defendants submitted their dispute as an ex parte application without making any attempt to obtain plaintiff's cooperation in the preparation and submission of a joint motion. Accordingly, the Court finds that

defendants' Ex Parte Application seeking an order requiring plaintiff to supplement his discovery responses must be DENIED for failure to comply with Chambers' Rule V.

Defendants' Ex Parte Application and a supporting Declaration do include argument and information indicating that plaintiff does have a duty to supplement his responses to the following written discovery requests:

> ***Defendants' Interrogatory No. 1*** requests "all facts that support [plaintiff's] claims against [defendants] in the [First Amended Complaint]." Plaintiff responded that he "has stated all facts supporting [his] claims in the Court-filed Second Amended Complaint." [Doc. No. 55-1, at pp. 2-3.]
>
> ***Defendants' Document Request No. 1*** seeks "all documents that relate to any fraudulent charges [plaintiff] contend[s] were made on [his] accounts." Plaintiff responded that he "has already provided all documents known to be responsive to defendants at this time."
>
> ***Defendants' Interrogatory No. 5*** requested that plaintiff "identify all fraudulent charges [that he] contend[s] were made on [his] accounts." Plaintiff responded that he "does not have records of 'all fraudulent charges' as these were not relayed by defendants to plaintiff in a list for plaintiff to review. Defendants solely know all fraudulent charges that they have verbally confirmed as the basis for blocking of plaintiff's credit card."

[Doc. No. 55-1, at p. 2-3.][2]

As noted above, defendants provided plaintiff with copies of statements detailing all of the charges posted to his credit card account, and, as a result, it is apparent that plaintiff is able to review these charges and provide defendants with supplemental responses to

---

[2] The Ex Parte Application indicates defendants would also like supplemental responses to Interrogatory Nos. 4, 6, 7, 8, and 13; Document Request Nos. 2, 3, and 4; and Requests for Admission Nos. 1, 2, and 3. [Doc. No. 55, at p. 3.] However, defendants did not provide the Court with the information required by Chambers' Rule V (*i.e.*, the exact wording of these requests, plaintiff's responses thereto, and any reasons why defendants believe plaintiff's responses to these requests are inadequate and need to be supplemented). As a result, it is unclear whether defendants would be entitled to any supplemental responses as to these requests.

7

these requests. In the interests of judicial efficiency (*i.e.*, the disputed discovery requests are relevant to defendants' pending Motion for Summary Judgment), the Court will forewarn plaintiff about his duty to supplement his discovery responses. Plaintiff is specifically forewarned that Federal Rule of Civil Procedure 26(e)(1) states as follows:

> A party who . . . has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response: (A) ***in a timely manner*** if the party learns that in some material respect the disclosure or response is incomplete or incorrect . . .; or (B) as ordered by the court.

Fed.R.Civ.P. 26(e)(1) (emphasis added).

Here, it is apparent that plaintiff's original responses to Interrogatory Nos. 1 and 5 and Document Request No. 1 are now incomplete and incorrect and must be supplemented as required by Rule 26(e)(1). Because defendants provided plaintiff with copies of statements that set forth all of the charges to his credit card account, plaintiff is obligated to review the charges and identify any specific charges that he believes are fraudulent. In his various filings, plaintiff seems to take the position that he is not required to identify specific charges that he believes are fraudulent, because defendants already have that information on their own. Plaintiff also alleges in Exhibit B to the First Amended Complaint that the balance on his credit card account "went from zero to $2,200 almost overnight, **with no charges having been made or authorized by the plaintiff**." [Doc. No. 22, at p. 19 (emphasis added).] However, in response to defendants' discovery requests, plaintiff must identify the specific charges that **_he_** believes are fraudulent **_regardless of whether he believes defendants already have this information_**. With respect to any charges he believes are fraudulent, plaintiff must also disclose any supporting facts or documents. For example, to the extent plaintiff has boarding passes, plane tickets, hotel bills, or other documents indicating where he was on a particular date that could be used to show that particular account entries are fraudulent, he must produce them.

Plaintiff is also forewarned that sanctions may be imposed against him if he fails to supplement his responses to defendants' discovery requests as required under Rule

26(e)(1). Fed.R.Civ.P. 37(c)(1)(A)-(C). In this regard, Federal Rule of Civil Procedure 37(c)(1) states in part as follows:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial unless the failure was substantially justified or is harmless. In addition to or instaed of this sanctions, the court, on motion and after giving an opportunity to be heard:
>
> (A) may order payment of the reasonable expenses, including attorney fees, caused by the failure;
>
> (B) may inform the jury of the party's failure; and
>
> (C) may impose other appropriate sanctions, including [the evidentiary or terminating sanctions] listed in Rule 37(b)(2)(A)(i)-(vi).

Fed.R.Civ.P. 37(c)(1).

***In sum, plaintiff is specifically forewarned that the above-referenced discovery requests and Rule 26(e)(1) require him to review all of the account statements itemizing all of the charges on his credit card account that were produced to him by defendants and to specifically identify each account entry by date and amount that he believes is fraudulent. As to each entry that plaintiff believes is fraudulent, he must also state any supporting facts and produce any supporting documents. If plaintiff fails to do so, he is further forewarned that monetary or other sanctions may imposed against.***

Since Rule 26(e)(1) requires parties to supplement their discovery responses "*in a timely manner*," the Court finds that any supplemental responses provided by plaintiff on or before *August 3, 2018* will be considered timely. Fed.R.Civ.P. 26(e)(1) (emphasis added). If plaintiff fails to provide adequate supplemental responses by *August 3, 2018*, defendants may file a motion for sanctions no later than *August 13, 2018*.

## *Conclusion*

Based on the foregoing, IT IS HEREBY ORDERED that defendants' Ex Parte Application For Order Prioritizing Discovery is DENIED for failure to establish good

cause; failure to satisfy the meet and confer requirements; and failure to follow Chambers' Rule V. However, as outlined above, plaintiff is forewarned that he must supplement his responses to Interrogatory Nos. 1 and 5 and Document Request No. 1 "in a timely manner" (*i.e.*, ***no later than August 3, 2018***). Fed.R.Civ.P. 26(e)(1).

IT IS SO ORDERED.

Dated: July 20, 2018

Hon. Karen S. Crawford
United States Magistrate Judge