UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LINLOR,<br><br>                         Plaintiff,<br>v.<br><br>CHASE BANKCARD SERVICES, INC. and CHASE BANK USA, NATIONAL ASSOCIATION,<br><br>                         Defendants. | Case No.: 17-cv-0005-WQH-KSC<br><br>**ORDER** |

HAYES, Judge:

    The matters before the Court are (1) the Motion for Summary Judgment filed by Defendants Chase Bankcard Services, Inc. and Chase Bank USA, N.A. (ECF No. 70), (2) the Request for Oral Argument filed by Plaintiff James Linlor (ECF No. 72), (3) the Motion to Lodge DVDs filed by Linlor (ECF No. 76), (4) the Requests for Dispositive Sanctions filed by Linlor (ECF Nos. 78, 83), and (5) the Motion to File Documents Under Seal filed by Defendants (ECF No. 80).

**I.    Background**

    On April 19, 2017, Plaintiff James Linlor filed the First Amended Complaint (ECF No. 22) (the "FAC"). The FAC brings a claim against Defendants Chase Bankcard Services, Inc. and Chase Bank USA, N.A. for violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b). (ECF No. 22 at 9).

1

On May 15, 2018, Defendants filed a Motion for Summary Judgment (ECF No. 70). On May 30, 2018, Linlor filed a Request for Oral Argument (ECF No. 72), a Motion to Lodge DVDs (ECF No. 76), and an Opposition to Motion for Summary Judgment and Request for Dispositive Sanctions (ECF No. 78). On June 11, 2018, Defendants filed a Reply in Support of Motion for Summary Judgment (ECF No. 79) and a Motion to File Documents Under Seal (ECF No. 80). On June 13, 2018, Linlor filed another Opposition to Motion for Summary Judgment and Request for Dispositive Sanctions (ECF No. 83). On June 20, 2018, Defendants filed a Sur-Reply in Support of Motion for Summary Judgment (ECF No. 86).

## II. Facts

> Plaintiff applied for and was issued a Rapid Rewards® Premier credit card account by Chase Card on or about September 28, 2011 (the 'Account'). . . . [O]n or about October 1, 2015, Chase Card mailed a new credit card, with a chip, to Plaintiff to replace his old credit card that had no chip. . . . Plaintiff . . . did not receive new credit cards sent to him by Chase Card. As a result, and to prevent potential fraudulent activity, . . . Chase Card re-issued Plaintiff a replacement credit card and changed the account number. Despite changing the numbers on Plaintiffs replacement card, his Account remained unchanged. . . . [W]hile the account number changed, the previous balance carried over.

Declaration of Robert J. Perry, ECF No. 70-3, at ¶¶ 4–7.

## III. Motion for Summary Judgment

### A. Legal Standard

"A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." Fed. R. Civ. P. 56(a). "Summary judgment is appropriate only if, taking the evidence and all reasonable inferences drawn therefrom in the light most favorable to the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011). A material fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475

U.S. 574, 586–87 (1986). The materiality of a fact is determined by the substantive law governing the claim or defense. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986). "[A] dispute about a material fact is 'genuine[]' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

The moving party has the initial burden of demonstrating that summary judgment is proper. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 153 (1970). The burden then shifts to the opposing party to provide admissible evidence beyond the pleadings to show that summary judgment is not appropriate. *See Anderson*, 477 U.S. at 256; *Celotex*, 477 U.S. at 322, 324. The opposing party's evidence is to be believed, and all justifiable inferences are to be drawn in its favor. *See Anderson*, 477 U.S. at 255. To avoid summary judgment, the opposing party cannot rest solely on conclusory allegations of fact or law. *See Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). Instead, the nonmovant must designate which specific facts show that there is a genuine issue for trial. *See Anderson*, 477 U.S. at 256.

### B. Discussion

Defendants contend that they have introduced "clear, admissible evidence establishing the fact that Defendants' records do not reflect any purported fraud." ECF No. 79 at 2 (citing Perry Decl. ¶¶ 6–8.). Defendants contend that they have "satisfied their burden of establishing this material fact," and, consequently, Linlor must introduce evidence of fraudulent charges to the Account to avoid summary judgment. *Id.* at 3 (citing *Sluimer v. Verity, Inc.*, 606 F.3d 584, 586 (9th Cir. 2010)). Linlor contends that "[s]ince Plaintiff has not been given an opportunity to complete [d]iscovery due to Defendants' stonewalling and refusals to cooperate, full discovery should first be allowed, so that Plaintiff can then move for (or defend) Rule 56 motions." (ECF No. 78 at 4). Linlor contends that it is "impossible" for him to identify which charges to his account were fraudulent "without the database and fraud system/network specifics." (ECF No. 83 at 6, 11). Defendants contend that the Court should not defer consideration of the Motion for

Summary Judgment and allow additional discovery because "Plaintiff fails to submit the requisite declaration or affidavit [and] . . . fails to explain what facts additional discovery would reveal and how those facts would preclude summary judgment." (ECF No. 79 at 6).

To recover for a violation of 15 U.S.C. § 1681s-2(b), a plaintiff "must make a 'prima facie showing of inaccurate reporting.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010) (quoting *Dennis v. BEH–1, LLC,* 520 F.3d 1066, 1069 (9th Cir. 2008) (citing *DeAndrade v. Trans Union LLC,* 523 F.3d 61, 67 (1st Cir. 2008)) ("Although the FCRA's reinvestigation provision . . . does not on its face require that an actual inaccuracy exist for a plaintiff to state a claim, many courts, including our own, have imposed such a requirement.").

> [A]n item on a credit report can be "incomplete or inaccurate" within the meaning of the FCRA's furnisher investigation provision . . . "because it is patently incorrect, or because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions."

*Id.* (quoting *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009)). Consequently, for Linlor to avoid summary judgment, there must be evidence from which a reasonable jury could conclude that there were charges on the Account that were patently incorrect or misleading. *See id.*; *Anderson*, 477 U.S. at 248.

The Court finds that Linlor has not come forward with any evidence from which a reasonable jury could conclude that there were charges on the Account that were patently incorrect or misleading. Linlor does not contend that he has identified evidence that any specific charges on the Account were fraudulent, inaccurate, or misleading. *See* ECF Nos. 78, 83.

Linlor contends that he has not identified which charge(s) were fraudulent because he is not able to do so "without the database and fraud system/network specifics." (ECF No. 83 at 6, 11). A party requesting additional discovery in opposition to summary judgment "must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." *Tatum v. City & Cty. of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006). The Court finds that Linlor has not

shown by affidavit that "the database and fraud system/network specifics" would allow him to identify which charge(s) were fraudulent, inaccurate, or misleading. Accordingly, Linlor's request for additional discovery is denied, and Defendants' Motion for Summary Judgment is granted.

## IV. Requests for Sanctions

Linlor seeks the following sanctions against Defendants: "partial summary judgment for Plaintiff on those topics which Defendants have refused after 5 months to provide evidence to deny," "full summary judgment," and "sanctions barring prior, undelivered evidence from use by Defendants in their motion or at trial." (ECF No. 83 at 3, 9). Linlor contends that those sanctions are warranted because Defendants "refus[e] to submit complete and responsive answers to all Interrogatories," (ECF No. 78 at 5); "fail to supplement and cure defects [in their discovery responses] documented by Plaintiff," *id.*; "claim[ed] . . . that Plaintiff failed to respond to Rule 36 or Rule 26 requests for over 3 months," (ECF No. 83 at 7); and "willfully misstated four key elements" in their Statement of Undisputed Facts (ECF No. 70-2), *id.*

The Court finds that Linlor has not established that Defendants "fail[ed] to provide information or identify a witness as required by Rule 26(a) or (e)." Fed. R. Civ. P. 37(c). Accordingly, the Court will not impose sanctions under Federal Rule of Civil Procedure 37(c).

The Court also finds that Linlor has not established that Defendants do not have evidentiary support for any of the factual contentions in the Statement of Undisputed Facts (ECF No. 70-2). Accordingly, the Court will not impose any sanctions under Federal Rule of Civil Procedure 11. *See* Fed. R. Civ. P. 11(b)(3) ("By presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies that . . . . the factual contentions have evidentiary support").

## V. Conclusion

Defendants' Motion for Summary Judgment (ECF No. 70) is GRANTED. The Clerk of the Court shall enter judgment in favor of the Defendants and against Linlor.

5

17-cv-0005-WQH-KSC

1  Linlor's Request for Oral Argument (ECF No. 72) and Requests for Dispositive Sanctions
2  (ECF No. 78, 83) are DENIED.  Linlor's Motion to Lodge DVDs (ECF No. 78) and
3  Defendants' Motion to File Documents Under Seal (ECF No. 80) are GRANTED.

Dated: August 7, 2018

*[signature: William Q. Hayes]*
Hon. William Q. Hayes
United States District Court