UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LINLOR,<br><br>                         Plaintiff,<br>v.<br><br>CHASE BANKCARD SERVICES, INC. and CHASE BANK USA, NATIONAL ASSOCIATION,<br><br>                         Defendants. | Case No.: 17-cv-0005-WQH-KSC<br><br>**ORDER** |

HAYES, Judge:

    The matter before the Court is Plaintiff's Motion for Reconsideration of the Court's Final Order (ECF No. 98).

**I.    Background**

    On April 19, 2017, Plaintiff James Linlor filed the First Amended Complaint (ECF No. 22) (the "FAC"). The FAC brings a claim against Defendants Chase Bankcard Services, Inc. and Chase Bank USA, N.A. for violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b). (ECF No. 22 at 9).

    On May 15, 2018, Defendants filed a Motion for Summary Judgment (ECF No. 70). On August 7, 2018, the Court granted Defendant's Motion for Summary Judgment. (ECF No. 90). On September 4, 2018, Plaintiff filed a Motion for Reconsideration of the Court's Final Order. (ECF No. 98). On September 5, 2018, Plaintiff filed a Notice of Appeal to

1

the Ninth Circuit Court of Appeals. (ECF No. 97). On September 24, 2018, Defendant filed Opposition to Plaintiff's Motion for Reconsideration. (ECF No. 104).

## II. Contentions of the Parties

Plaintiff requests that the Court reconsider its August 7, 2018 Order granting summary judgment in favor of Defendants (ECF No. 90) "in light of evidence apparently not considered by the Court." (ECF No. 98 at 3). In support of Plaintiff's Motion for Reconsideration, Plaintiff submits three "attestations." (ECF No. 98-2). Each attestation states "[t]his attestation is not new information." (ECF No. 98-2 at 2, 6, 10). Plaintiff additionally submits approximately 122 pages of material exchanged by the parties during discovery. (ECF No. 98-2 at 14–136). Defendant contends that Plaintiff's Motion must be denied because "there are no new facts, the Court's decision was sound and not in clear error, and there has been no change in controlling law." (ECF No. 104 at 6).

## III. Legal Standard

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (internal quotation marks omitted)). "A motion for reconsideration 'may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Id.* at 880 (quoting *Kona*, 229 F.3d at 890). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

### IV. Ruling of the Court

Plaintiff's Motion for Reconsideration does not identify any newly discovered evidence, or any intervening change in controlling law. Plaintiff asserts that the Court erred by not "consider[ing] evidence in the 'best light' in favor of the non-moving party" (ECF No. 98 at 3) and that the Court erred by not considering Plaintiff's August 3, 2018 "updated response to Defendants' interrogatories" in its August 7, 2018 Order granting summary judgment. (ECF No. 98 at 5). The Court finds that Plaintiff has failed to establish that the Court committed "clear error" in its August 7, 2018 Order. Plaintiff has not established that this case presents "highly unusual circumstances" warranting reconsideration of the Court's August 7, 2018 Order. *See Marlyn Nutraceuticals,* 571 F.3d at 880. Plaintiff's motion for reconsideration is denied.

IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration of the Court's Final Order (ECF No. 98) is DENIED.

Dated: November 1, 2018

Hon. William Q. Hayes
United States District Court