UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| JAMES LINLOR, | Case No.: 17-cv-0005-WQH-KSC |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| CHASE BANKCARD SERVICES, INC. and CHASE BANK USA, NATIONAL ASSOCIATION, | |
| Defendants. | |

HAYES, Judge:

The matter before the Court is the Motion for Attorneys' Fees filed by Defendants Chase Bank USA, N.A. and Chase Bankcard Services, Inc. (ECF No. 93).

## I. Background

On April 19, 2017, Plaintiff James Linlor filed the First Amended Complaint (ECF No. 22) (the "FAC"). The FAC brings a claim against Defendants Chase Bankcard Services, Inc. and Chase Bank USA, N.A. for violation of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681s-2(b). (ECF No. 22 at 9).

On May 15, 2018, Defendants filed a Motion for Summary Judgment. (ECF No. 70). On August 7, 2018, the Court granted Defendants' Motion for Summary Judgment. (ECF No. 90). On August 21, 2018 Defendants filed a Motion for Attorneys' Fees. (ECF

No. 93). Plaintiff did not file opposition. On September 17, 2018, Defendants filed a Notice of Non-receipt of Opposition to Motion for Attorneys' Fees. (ECF No. 103).

## II. Contentions

Defendants contend that Plaintiff, proceeding pro se, "asserted a frivolous claim that defendants . . . violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") by furnishing inaccurate information regarding his credit card account. The only allegedly inaccurate information were supposed fraudulent charges." (ECF No. 93 at 3). Defendants assert that "there never were any fraudulent charges and Plaintiff knew this when he filed his Complaint." *Id.* Defendants contend that they are entitled to $101,650.90 in attorneys' fees. *Id.* Defendants separately contend that the Court should grant the motion because Plaintiff's failure to file opposition constitutes consent to the granting of Defendants' motion under Local Rule 7.1(f)(3)(c). (ECF No. 103 at 2).

## III. Legal Standard

The FCRA permits the prevailing party to recover attorneys' fees if an action was "filed in bad faith or for purposes of harassment." 15 U.S.C. §§ 1681n(c); 1681o(b); *Rouse v. Law Offices of Rory Clark*, 603 F.3d 699, 706 (9th Cir. 2010) *rev'd on other grounds by Marx v. Gen. Revenue Corp.*, 568 U.S. 371 (2013); *River Oaks Homeowners Prot. Comm., Inc. v. Edington & Assocs.*, 32 F. App'x 929, 931 (9th Cir. 2002). The term "bad faith" is not defined in the statute. In general, bad faith "is not simply bad judgment or negligence, but rather it implies the conscious doing of a wrong because of dishonest purpose or moral obliquity; . . . it contemplates a state of mind affirmatively operating with furtive design or ill will." Black's Law Dictionary 139 (6th ed. 1990); *accord United States v. Manchester Farming P'ship*, 315 F.3d 1176, 1183 (9th Cir. 2003) (applying Black's definition of bad faith); *Shipley v. Trans Union Corp.*, 2006 WL 1515594, at *3 (W.D. Wash. May 25, 2006) (same).

## IV. Ruling of the Court

The Ninth Circuit has held a district court may properly grant an unopposed motion pursuant to a local rule where the local rule permits, but does not require, the granting of a

motion for failure to respond. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Civil Local Rule 7.1(f)(3)(c) provides that "[i]f an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court." Generally, public policy favors disposition of motions on their merits. *See, e.g.*, *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998). The Court declines to grant Defendants' Motion on the basis of Plaintiff's failure to file opposition.

In this case, Plaintiff alleged that Defendants violated the FCRA when they failed to report to the credit rating agencies that Plaintiff disputed the charges at issue. (ECF No. 22 at 6; 83 at 4–5). Defendants prevailed on summary judgment because the relevant case law required Plaintiff to make a prima facie showing of inaccurate reporting to state a claim under the FCRA, and Plaintiff ultimately failed to do so. (ECF No. 90 at 4). Although Plaintiff failed to provide the requisite facts to maintain a FCRA claim, Defendants have failed to establish that Plaintiff's actions in initiating this matter constituted more than bad judgment or negligence. Defendants have not established that Plaintiff brought this action in subjective bad faith or for purposes of harassment, and the Court declines to award attorneys' fees in this matter.

## V. Conclusion

IT IS HEREBY ORDERED that Defendants' Motion for Attorneys' Fees (ECF No. 93) is DENIED.

Dated: January 17, 2019

Hon. William Q. Hayes
United States District Court